

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00025-CR

---

LADAIN JOURNEY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1738290

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Following the revocation of his deferred adjudication community supervision, the trial court adjudicated Ladain Journey guilty of continuous family violence, a third-degree felony. *See* TEX. PENAL CODE ANN. § 25.11 (Supp.). The trial court sentenced him to six years' imprisonment.

On appeal,[1] Journey contends that the trial court abused its discretion in finding the allegations to be true and that those errors warrant reversal and remand for a new hearing. Journey argues that the State failed to prove by a preponderance of the evidence that he intentionally or knowingly either committed a new offense or failed to complete his community supervision. Because we find that the trial court did not abuse its discretion, we affirm the trial court's judgment.

## I.    Background

On September 20, 2022, Journey pled guilty to the third-degree felony offense of continuous family violence. Pursuant to a plea bargain with the State, Journey was placed on deferred adjudication community supervision for four years. Relevant terms and conditions of Journey's community supervision required him to (1) refrain from committing further offenses against the laws of any state or of the United States, (2) provide urine samples for drug testing, and (3) "[c]omplete 160 hours of community service restitution at the rate of no fewer than [eight] hours per month."

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

On September 26, 2025, the State filed a motion to proceed to adjudication, alleging that Journey violated the terms and conditions of his deferred adjudication community supervision by: (1) committing a new assault on a family member, (2) failing to provide a urine sample for drug testing, and (3) failing to complete 160 hours of community supervision at a rate of no fewer than eight hours per month. At a hearing on the State's motion, it waived the allegation regarding Journey's failure to provide a urine sample, leaving only its remaining two allegations. After hearing testimony and reviewing evidence presented, the trial court found the State's remaining allegations true, adjudicated Journey guilty of continuous family violence, and sentenced him to six years' imprisonment.

## II. Standard of Review

At a revocation hearing, "[t]he State must prove by a preponderance of the evidence that a defendant violated the terms [and conditions of his community supervision]." *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof by a preponderance of the evidence as to any one of the alleged violations of the conditions of community supervision is sufficient to support a trial court's decision to revoke community supervision. *Smith v. State*, 286 S.W.3d 333, 342–43 (Tex. Crim. App. 2009); *see Marsh v. State*, 343 S.W.3d 475, 479 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)).

"We review the trial court's decision to revoke community supervision for an abuse of discretion." *Davidson v. State*, 422 S.W.3d 750, 756 (Tex. App.—Texarkana 2013, pet. ref'd) (citing *Meyer v. State*, 366 S.W.3d 728, 729 (Tex. App.—Texarkana 2012, no pet.)). In a

3

revocation hearing, the trial court is the sole trier of the facts and determines the credibility of the witnesses and the weight given to their testimony. *In re T.R.S.*, 115 S.W.3d 318, 321 (Tex. App.—Texarkana 2003, no pet.). A trial court's decision to revoke community supervision and to proceed to adjudication is examined in the light most favorable to the trial court's judgment. *Id.*; *Davidson*, 422 S.W.3d at 756. "If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown." *Davidson*, 422 S.W.3d at 756.

### III.   No Abuse of Discretion in Finding Journey Committed a New Offense

In his first point of error, Journey argues that the trial court abused its discretion when it found that he had committed a new offense. Journey claims that the State failed to prove by a preponderance of the evidence that he intentionally or knowingly committed a new offense.

Journey bases his argument on the contradiction and recantation of the victim. On August 11, 2025, the victim made a 9-1-1 call and provided statements to responding officers in which she claimed that Journey had hit her in the face. However, when presenting testimony to the trial court, the victim testified that she had not been assaulted, she had lied, and she was the one who assaulted Journey. Since the victim contradicted her assault allegation, Journey argues that it constituted an abuse of discretion for the trial court to find the allegation true, as the recanting testimony was "the only evidence of the assault presented by the State."

However, the record reflects that the State offered other evidence in support of its allegation, including the testimony of Alyssa Emery, a police officer with the Fort Worth Police Department, photographs of the victim's injuries, and the victim's 9-1-1 call. The victim stated

4

on the 9-1-1 call that Journey had hit her in the face and identified him by his name and birth date. Emery took photographs of the victim's face and testified that the victim's injuries were consistent with being intentionally and repeatedly struck in the face. Emery also testified to the victim's at-the-scene statements identifying Journey as the person who hit her in the face. The photographs documented visible injuries matching the described conduct, and Emery's testimony linked the physical evidence to the victim's consistent at-the-scene statements. The evidence thereby established the elements of the new offense through direct and circumstantial corroboration that does not rely on the testimony of the victim at the hearing.

Viewing the evidence in the light most favorable to the trial court's ruling, and because at least one of the State's allegations was supported by a preponderance of the evidence, we find no abuse of discretion in the trial court's decision to revoke Journey's community supervision.[2]

## V. Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Chief Justice

Date Submitted: May 27, 2026
Date Decided: June 30, 2026

Do Not Publish

---

[2]When the State's proof of any of the alleged violations of community supervision is sufficient to support a revocation of community supervision, the revocation should be affirmed. *Stevens v. State*, 900 S.W.2d 348, 350 (Tex. App.—Texarkana 1995, pet. ref'd). Therefore, we only need to find one allegation where the State proved by a preponderance of the evidence that the terms of community supervision were violated. *See id.*; *In re T.R.S.*, 115 S.W.3d at 321. As a result, we decline to address Journey's second point of error.